IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CAROLINE BROWN,<br><br>    Debtor.<br>_____<br><br>SUM LIM,<br><br>    Plaintiff/Appellant,<br><br>  v.<br><br>CAROLINE BROWN,<br><br>    Defendant/Appellee.<br>_____/ | No. C 11-3894 CW<br><br>ORDER DENYING APPELLANT'S MOTION FOR A STAY OF BANKRUPTCY COURT'S ORDERS PENDING APPEAL AS MOOT |

    On November 4, 2011, Appellant Sum Lim moved, under Federal Rule of Bankruptcy Procedure 8005, for a stay pending her appeal of two of the bankruptcy court's orders, which she identifies as the bankruptcy court's "final order" and the discharge order. Appellant indicated that a stay is necessary for her to proceed on appeal because the bankruptcy court's discharge order prohibited Appellee's creditors from continuing a lawsuit. Appellee Caroline Brown opposed, arguing that the motion should be denied as moot because Appellant may proceed with her appeal without a stay of the bankruptcy court's orders. On November 14, 2011, Appellant filed her opening brief.

    In the underlying bankruptcy case, Appellant filed a complaint against Appellee under 11 U.S.C. § 523(a)(2)(A), claiming that Appellee's debt to her was not dischargeable because it was "for money, property or services obtained by false pretenses, a false representation, or actual fraud." The

bankruptcy court granted Appellee's motion to dismiss the complaint with leave to amend because Appellant had not alleged the elements of a claim under § 523(a)(2)(A) for fraud. Subsequently, the bankruptcy court dismissed Appellant's first amended complaint with prejudice because she still had not alleged that Appellee had committed fraud.

This Court has jurisdiction over this appeal pursuant to 28 U.S. § 158, which provides district courts with jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy court.  See <u>In re Kimmel</u>, 324 Fed. Appx. 549, *1 (9th Cir. 2008) (Pursuant to 28 U.S.C. § 158, Ninth Circuit has jurisdiction over appeal of judgment of Bankruptcy Appellate Panel affirming bankruptcy court's dismissal of § 523(a)(2)(A) complaint).  Thus, a stay is not necessary for Appellant to appeal the bankruptcy court's orders dismissing her § 523 claim.

Appellant also seeks a stay of the bankruptcy court's "final order," which she does not identify.  Nor does she explain why she wants to stay it.  Therefore, the Court does not address it.

The motion for a stay pending appeal is denied as moot. (Docket No. 20).  Appellant filed her opening brief on November 14, 2011.  Appellee's answering brief is due on or before December 5, 2011.  Appellant's reply brief is due fourteen days after service of Appellee's brief.

IT IS SO ORDERED.

Dated: 11/22/2011

_____
CLAUDIA WILKEN
United States District Judge

2