IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMI LIM, | No. C 11-3894 CW |
|      Appellant/Plaintiff, | ORDER AFFIRMING ORDER OF THE |
|   v. | BANKRUPTCY COURT AND GRANTING IN PART |
| CAROLINE BROWN, | APPELLEE'S MOTION TO STRIKE REPLY |
|      Appellee/Defendant. | |
| _____ | |
| IN RE: | |
| CAROLINE BROWN, | |
|     Debtor. | Bankruptcy Case No. 09-32424 TEC |
| _____/ | |

Pro se Appellant/Plaintiff Sumi Lim appeals the bankruptcy court's June 30, 2011 order denying her motion to alter or amend its October 18, 2010 order dismissing her first amended complaint (1AC) with prejudice. Appellee/Defendant Caroline Brown has filed a responsive brief and Appellant has filed a reply. Appellee has filed a motion to strike Appellant's reply. Appellant has not opposed this motion. Having considered all of the papers filed by the parties, the Court affirms the ruling of the bankruptcy court and grants, in part, Appellee's motion to strike.

BACKGROUND

On August 19, 2009, Ms. Brown filed a Chapter 7 bankruptcy

case.  Ms. Brown's husband, Terry Brown, a real estate developer and real estate agent, did not file for bankruptcy relief.  Ms. Lim filed, in Ms. Brown's bankruptcy case, a four-page complaint, under 11 U.S.C. § 523(a)(2),[1] seeking to render nondischargeable an unspecified sum of money that Ms. Lim had lent to an unspecified borrower in connection with an Arizona luxury condominium development known as Sonterrra.  Ms. Brown filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  After a hearing on January 29, 2010, the bankruptcy court granted the motion with leave to amend.  The order provided that, without violating the automatic stay, Ms. Lim could file a state-court action against Mr. Brown regarding the loan specified in the complaint.

I. Allegations in First Amended Complaint

On March 5, 2010, Ms. Lim filed her 1AC, in which she made the following allegations related to Ms. Brown.  In 2006, Ms. Lim learned of Mr. and Ms. Brown's condominium conversion project in

---

[1]11 U.S.C. § 523 states in pertinent part that:

(a) A discharge under § 727 . . . of this title does not discharge an individual debtor from any debt-

(2) for money, property or an extension, renewal, or refinancing of credit, to the extent obtained by-

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To state a claim under 11 U.S.C. § 523(a)(2)(A), a plaintiff must allege: (1) misrepresentation; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages.  In re Kimmel, 2006 WL 6810976, *5 (9th Cir. BAP 2006).

Tucson, Arizona and attended an information meeting about it.  At the meeting, information was presented about other large scale real estate projects the Browns were developing.  After the meeting, Ms. Lim met personally with Mr. Brown.  Mr. Brown appeared to be concerned about protecting investors' investments because he had full back-up teams to take over in case any of the principals were incapacitated.  Mr. and Ms. Brown emphasized that they guaranteed the safety of their investors' money by being well insured and they were willing to be generous with interest.  Plaintiff was especially impressed by the payment guaranty which was signed by both Mr. and Ms. Brown.  The guaranty was executed on December 23, 2005 and named as the beneficiary William Cheek and Mr. Cheek's successors, endorsees, or assignees.  On March 22, 2006, Ms. Lim signed a contract to loan $50,000 to Sonterra Condominiums, LP.

The 1AC also alleged that, at the time Ms. Lim made the loan to Sonterra, Mr. and Ms. Brown were creating multiple shell entities in various states and under various names to obtain money and to hide money.  Ms. Lim alleged that Ms. Brown knew her conduct was fraudulent because she and her husband were "concealing the millions of dollars they took from banks, investment groups, and individual investors through these entities."

II. Bankruptcy Court's Rulings

A. October 15, 2010 Dismissal of First Amended Complaint

In its October 15, 2010 order dismissing the 1AC, the bankruptcy court noted that Ms. Lim had corrected several deficiencies in the original complaint by alleging the amount of money she had loaned, the date on which it was loaned, the entity

3

United States District Court
For the Northern District of California

that received the loan and the loan guaranty by Mr. and Ms. Brown. However, the bankruptcy court noted that Ms. Lim alleged that she made the loan after attending several presentations by Mr. Brown, but that she failed to allege any misrepresentations made by Ms. Brown to Ms. Lim, or any of the other elements material to a § 523(a)(2)(A) claim, such as when the misrepresentations were made, whether Ms. Brown intended to deceive Ms. Lim through the misrepresentations, whether Ms. Lim justifiably relied on Ms. Brown's misrepresentations, and whether Ms. Lim's damages were proximately caused by her reliance on Ms. Brown's misrepresentations.  The bankruptcy court also noted that Ms. Lim did not allege that she was a successor, an endorsee or an assignee of William Cheek, so that she was not a beneficiary of the guaranty.  The bankruptcy court dismissed the 1AC, without leave to amend, for failure to state a claim under § 523(a)(2)(A).  Ms. Lim filed a motion to alter or amend this order.

        B. June 30, 2011 Order Denying Ms. Lim's Motion to Alter
           or Amend October 15, 2010 Order

    In its June 30, 2010 order denying the motion to alter or amend, the bankruptcy court acknowledged that, in her 1AC, Ms. Lim alleged that Mr. and Ms. Brown were engaged in a fraudulent scheme of issuing loan guarantees to numerous banks and individual investors that they never intended to honor, that on the basis of the guarantees Mr. and Ms. Brown obtained millions of dollars in investments and that they absconded with the invested money by transferring it to multiple businesses they owned in various jurisdictions.  The bankruptcy court also noted that, with her

motion to alter or amend, Ms. Lim submitted a supplemental
complaint in which she asserted that Ms. Brown was an active
partner with her husband in setting up illegal entities in which
she served as treasurer, secretary and director.

However, the bankruptcy court held that Ms. Lim's motion did
not meet any of the requirements for reconsideration and denied the
motion to alter or amend its previous order.

Ms. Lim appeals from the June 30, 2011 order of the bankruptcy
court.

JURISDICTION AND STANDARD OF REVIEW

A district court has jurisdiction to hear appeals from a
bankruptcy court pursuant to 28 U.S.C. § 158(a).  The district
court reviews the bankruptcy court's findings of fact according to
a "clearly erroneous" standard, Federal Rule of Bankruptcy
Procedure 8013, and reviews findings of law de novo, In re Lockard,
884 F.2d 1171, 1174 (9th Cir. 1989).

DISCUSSION

I. Appeal

Ms. Lim argues that the June 30, 2011 order was incorrect
because, although it was signed by the bankruptcy judge, it was
written by a law clerk who denied her motion with a citation to
just one case, Rooz v. Kimmel, 2006 WL 6810976, *7-9 (9th Cir. BAP
2006), which has nothing to do with her claim of fraud.  Ms. Lim
also argues that the "clerk" did not understand the significance of
the evidence she submitted with her 1AC that showed Ms. Brown was
involved in her husband's fraudulent enterprises.  Ms. Lim also
argues that the bankruptcy court's discharge of Ms. Brown's debts

United States District Court
For the Northern District of California

5

was not fair to Ms. Brown's creditors because she did not provide the court with tax records or financial records that showed what happened to the $200 million she and her husband borrowed from investors. Finally, she argues that the bankruptcy system lacks procedural justice, which makes it a haven for frauds.

In making these arguments, Ms. Lim does not address the law that applies to a motion to alter or amend an order or judgment of the court under Federal Rule of Civil Procedure 60.

Federal Rule of Civil Procedure 60(b) provides that, "upon such terms as are just," a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b).

Reconsideration of a previous order of the court is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be granted unless the moving party presents newly discovered evidence or shows that the court committed clear error or that there was an intervening change in controlling law. Id.

Although, in her motion for reconsideration, Ms. Lim submitted additional evidence of Ms. Brown's involvement in her husband's

**United States District Court**
For the Northern District of California

real estate dealings, this evidence was not newly discovered and could have been presented in her oppositions to Ms. Brown's motions to dismiss her complaints.  Furthermore, Ms. Lim does not argue that there was an intervening change in controlling law.  Nor can Ms. Lim show that the bankruptcy court committed clear error in concluding that she failed to meet the requirements under § 523(a)(2)(A) for exempting her claim from Ms. Brown's Chapter 7 discharge.

The fact that Ms. Brown may not have filed the correct tax forms with the bankruptcy court or that her creditors might suffer if she was granted a discharge is not relevant to Ms. Lim's § 523(a)(2)(A) motion.  An analysis of Ms. Lim's § 523 claim focuses solely on whether Ms. Brown intentionally made false representations to Ms. Lim in order to induce Ms. Lim to rely on them to make the $50,000 loan.  A review of the 1AC shows that it does not allege the requisite elements of a § 523(a)(2)(A) claim against Ms. Brown.

Ms. Lim's argument that the bankruptcy court erred because it relied upon Rooz v. Kimmel, 2006 WL 6810976, *7-9 (9th Cir. BAP 2006) is unpersuasive.  Rooz is on point, and Ms. Lim's characterization of it as a community property case is incorrect. Like this case, Rooz addressed a motion for an exception to discharge under § 523(a)(2)(A).  Id. at *1, 7.  The bankruptcy appellate panel (BAP) concluded that the allegations in the plaintiff's complaint were "ambiguous as to substantive facts constituting fraud."  Id. at *7.  The BAP explained that the allegations more properly constituted an objection to the debtor's

discharge under 11 U.S.C. § 727(a),[2] rather than grounds for an exception to the discharge of the plaintiff's claim under § 523(a)(2)(A).

There is a strong similarity between the allegations in <u>Rooz</u> and Ms. Lim's allegations of Ms. Brown's failure to file required tax returns and failure to admit her level of involvement in her husband's real estate projects. As the <u>Rooz</u> court noted, a § 727 claim is based on a general harm to all creditors; it is not specific to individual creditors as is a § 523 claim. <u>Id.</u> at *7. However, Ms. Lim did not assert a § 727 claim, and her § 523 claim is deficient.

Furthermore, the <u>Rooz</u> court disapproved <u>McClellan v. Cantrell</u>, 217 F.3d 890 (7th Cir. 2000), the case on which Ms. Lim relies. In <u>McClellan</u>, the Seventh Circuit held that § 523(a)(2)(A) actions are not limited to misrepresentations and can be based on participation in a fraudulent transfer. <u>Id.</u> at *8 (citing <u>McClellan</u>, 217 F.3d at 893. In <u>Rooz</u>, the BAP disagreed stating that "there is ample authority in this Circuit instructing that the provisions of the § 523(a) exceptions to discharge should be construed narrowly." <u>Id.</u>

Ms. Lim also argues that the bankruptcy court erroneously stated that she did not establish her right to repayment because

_____

[2]Section 727(a)(2) denies a discharge to a debtor who, with intent to hinder, delay or defraud a creditor or an officer of the estate, transfers or conceals property within one year before the date the petition is filed, or property of the estate after the date the petition is filed. Section 727(a)(4) prohibits discharge of a debtor who lies to the court. Section 727(a)(5) prohibits discharge of a debtor who fails to explain satisfactorily any loss or deficiency of assets.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

she did not allege that she was a successor, endorsee or assignee of William Cheek.  Ms. Lim argues that she is entitled to repayment because Ms. Brown included her on her schedule of creditors filed with the bankruptcy court and because Ms. Lim filed a timely proof of claim for her $50,000 loan.  Here, Ms. Lim mistakes having an acknowledged claim in Ms. Brown's bankruptcy case with adequately alleging that the claim should not be discharged due to Ms. Brown's fraudulent conduct.  The bankruptcy court did not indicate that Ms. Lim did not have a valid $50,000 claim in Ms. Brown's bankruptcy case.  The bankruptcy court's mention of Ms. Lim's failure to allege that she was a beneficiary of the guaranty showed that any false statement made by Ms. Brown in connection with the guaranty could not be taken as evidence that she made a misrepresentation to Ms. Lim.

The bankruptcy court's June 30, 2011 denial of Ms. Lim's motion to alter or amend its October 18, 2010 order dismissing her complaint was not in error and the order of the bankruptcy court is affirmed.

II. Motion to Strike

Ms. Brown moves to strike Ms. Lim's reply on the grounds that it is irrelevant to her appeal and attacks the integrity of Ms. Brown's attorney, Wayne Silver.  Federal Rule of Bankruptcy Procedure 8011 provides authority for the district court to entertain a motion to strike.  A court may strike part of a brief if it contains material that is not in the record below.  Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 684, n.1 (9th Cir. 1993).  For good cause, the Court grants the motion to strike the

portion of the reply that relates to Ms. Brown's attorney.

CONCLUSION

For the foregoing reasons, the Court affirms the June 30, 2011 decision and order of the bankruptcy court and grants, in part, Ms. Brown's motion to strike.


IT IS SO ORDERED.


Dated: 4/27/2012

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

10